

FILED
2017 Mar-15 PM 04:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **KENNETH L. RICHARD,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **5:14-cv-08043-AKK** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Kenneth L. Richard, a former federal prisoner,[1] seeks to have the remainder of his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. Doc. 1. For the reasons explained below, Richard's petition is **DENIED**.

## I.   STANDARD OF REVIEW

28 U.S.C. § 2255 allows a former federal prisoner who remains on supervised release to file a motion in the sentencing court "to vacate, set aside or correct [his] sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28

---

[1] The Bureau of Prisons website indicates that Richard was released from custody on January 6, 2014.  Richard is currently serving a four-year term of supervised release.  *See* doc. 20 at 2–3 in case no. 5:12-cr-00487-AKK-JEO.

U.S.C. § 2255(a).  *See also Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (stating that a former prisoner's challenge to his sentence is not moot while he remains on supervised release).  To obtain relief under § 2255, a petitioner must: (1) file a non-successive petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746. Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

## II.     PROCEDURAL HISTORY

After Richard pleaded guilty to possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 851 (Count I), *see* doc. 20 at 1 in case no. 5:12-cr-00487-AKK-JEO, the undersigned sentenced Richard to a term of imprisonment of twenty-one months followed by a four-year term of supervised release. *See id.* at 2–3. Richard appealed, *see* doc. 22 in case no. 5:12-cr-00487-AKK-JEO, but later voluntarily dismissed the appeal on July 16, 2013, *see* doc. 30 in case no. 5:12-cr-00487-AKK-JEO. As a result, his conviction became final on July 16, 2013. Following his release from custody, Richard timely filed this § 2255 motion on July 16, 2014. Doc. 1 at 2.

## III.    ANALYSIS

Richard asks this court to "[s]et aside the remainder of [his] sentence [*i.e.*, probation]," "[s]et aside [his] conviction," and "grant [him] an evidentiary hearing to determine the validity of [his] claims," doc. 1 at 2, based on three grounds: *i.e.*, (1) that Drug Task Force Officer Dennis Sharp provided "perjured testimony," *id.* at 1; (2) that Richard's trial attorney failed to file a "Motion for Suppression" to challenge the validity of the 'search and seizure' pretexted on 'traffic stop' testimony by officer Sharp[]" despite his instruction to do so, *id.* at 2; and (3) that Richard's appellate attorney was "reluctan[t] to attempt to raise issues in the direct appeal process, as instructed by [Richard], [thereby] caus[ing] [Richard]" to

3

voluntarily dismiss his appeal, *id.*  The court addresses these arguments separately below.

### A. Richard's Contention that Officer Sharp Provided Perjured Testimony

Richard first contends, without providing any specifics, that Officer Dennis Sharp provided perjured testimony against him.  Doc. 1 at 1.  Richard attaches an official transcript from his preliminary hearing and bond reduction hearing and a copy of the criminal complaint, *see* docs. 1-1 & 1-2, but fails to identify any alleged perjured statements or explain how either document evidences perjury by Officer Sharp.  Accordingly, Richard's contention is without merit, and Richard is not due any relief on this basis.

### B. Richard's Contentions that His Attorneys Failed to Follow His Instructions

Richard contends next that his federal public defenders failed to follow his instructions, and the court construes these contentions as claims of ineffective assistance of counsel.  To prevail on these claims, Richard must demonstrate not only that his attorneys' performance fell below an objective and reasonable professional norm, but also that he was prejudiced by the alleged inadequacies.  *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).  Relevant here, because the court may dispose of an ineffective assistance claim if the movant fails to carry his burden of proof on either the performance or the prejudice prong, the court

need not address the adequacy of counsel's performance when the petitioner fails to make a sufficient showing of prejudice. *Id.* at 697. With that framework in mind, the court turns to Richard's allegations.

First, Richard alleges that his trial attorney failed to file a motion to suppress the evidence collected during the traffic stop that ultimately led to Richard's conviction. Doc. 1 at 2. However, because Richard presents no argument or evidence showing that such a motion would have succeeded, Richard has not shown that he was prejudiced by trial counsel's alleged inadequate performance. *See Lecroy v. United States*, 739 F.3d 1297, 1321–22 (11th Cir. 2014) (§ 2255 petitioner not entitled to relief on ineffective assistance claim when he "failed to carry his burden in showing prejudice"). In fact, Richard's representations to the court during his plea belie his contention. Among other things, after the court reviewed the elements of the offense with Richard, including the element that he "knowingly possessed the marijuana," doc. 27 at 9, Richard testified that he was pleading guilty because he was, in fact, guilty, *id.* at 16. Significantly, as recited by the prosecutor, the government's case at trial would have included evidence that law enforcement received a tip that a vehicle matching the one Richard was driving would be transporting marijuana, *id.* at 17, that law enforcement stopped the vehicle for a traffic violation ("cross[ing] the passing line twice"), *id*. at 18, that law enforcement "smelled a faint odor of marijuana coming from inside

[Richard's] truck," *id.*, that a dog from the police canine unit "alerted" twice on the passenger side of the truck," *id.*, and that, after the officers advised him of his Miranda rights, Richard "said that he had been paid $2,000 to deliver the marijuana," *id.* at 19. When the court then asked if Richard disagreed with any of these facts, Richard's attorney replied that Richard "did not change lanes without signaling," did not "recall[] . . . [any] alert by any dog during the search," doc. 27 at 20, and did not "recall being advised of his Miranda rights there on the scene," *id.* Still, Richard "[did] not dispute the fact that he did have approximately 110 pounds of marijuana in the vehicle at the time." *Id.* at 21. Finally, when the court asked Richard if there was "[a]nything else that [he] want[ed] the Court to know that [his] lawyer failed to disclose to the Court," Richard replied, "No, your honor." *Id.* Based on these facts, no credible basis existed for counsel to move to suppress the marijuana.

Second, Richard alleges generally that his appellate attorney was "reluctan[t] to raise issues in the direct appeal process" despite Richard's "instruct[ions]." Doc. 1 at 2. Again, Richard's failure to identify the specific issues counsel allegedly refused to raise or to demonstrate that he was prejudiced by counsel's

alleged omissions dooms his claim.² *See Lecroy*, 739 F.3d at 1321–22. Moreover, because Richard withdrew his appeal, he cannot make a showing of prejudice.

## IV. CONCLUSION AND ORDER

In light of the foregoing, the court finds that Richard's arguments fail to establish a sufficient basis to vacate his sentence under 28 U.S.C. § 2255. Accordingly, his § 2255 petition is **DENIED**. The clerk is directed to close this file, and to terminate doc. 31 in case no. 5:12-cr-00487-AKK-JEO.

**DONE** the 15th day of March, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

² The court declines to grant an evidentiary hearing, because Richard has not provided any specifics regarding his perjury allegation or ineffective assistance claims. *See Smith v. United States*, 627 F. App'x 852, 854 (11th Cir. 2015) (citing *Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002); *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)) ("The petitioner is entitled to an evidentiary hearing if the § 2255 motion alleges *specific facts* that, if true, would warrant relief. However, a district court is not required to hold an evidentiary hearing if the petitioner's allegations are based upon *unsupported generalizations . . . .*") (emphasis added).